UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-188-E | Date | March 17, 2025 |
|---|---|---|---|

| Title | JAMES P. JIMIRRO v. THE PALEY CENTER FOR MEDIA, ET AL. |
|---|---|

Present: The Honorable  Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**     (IN CHAMBERS)

The Court has read and considered all papers filed in support of and in opposition to Plaintiff's "Motion to Remand" ("the Motion"), filed February 5, 2025. The Court heard oral argument on March 14, 2025.

Plaintiff, an individual residing in California, filed this action in Los Angeles Superior Court. Defendant, a nonprofit corporation incorporated in New York, removed the action to this federal court, asserting diversity jurisdiction. Plaintiff disputes this assertion and moves for a remand.

Federal district courts have jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For diversity purposes, a non-insurance corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c). In the present case, the only requisite for diversity jurisdiction disputed by Plaintiff is the asserted New York location of Defendant's "principal place of business."

In The Hertz Corp. v. Friend, 559 U.S. 77 (2010) ("Hertz"), the United States Supreme Court resolved conflicting circuit interpretations of section 1332's phrase "principal place of business." The Hertz Court rejected an interpretation focusing on the relative amount of a corporation's business activities occurring within particular states. Id. at 80, 93-96. Instead, the Hertz Court ruled that the phrase "principal place of business" "refers to the place where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-188-E | Date | March 17, 2025 |
| Title | JAMES P. JIMIRRO v. THE PALEY CENTER FOR MEDIA, ET AL. | | |

corporation's high level officers direct, control and coordinate the corporation's activities," i.e., the corporation's "nerve center." Id., 80-81, 92-93. The Hertz Court added that a corporation's "principal place of business" "should normally be the place where the corporation maintains its headquarters . . . provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center.'" Id., at 93. Where, as here, a party's allegation of jurisdictional facts is challenged, the party asserting jurisdiction must support its allegation "by competent proof." Id., at 96-97.

      In the present action, Defendant has supported its allegation of a New York "principal place of business" "by competent proof." Declarations by Defendant's Chief Financial Officer and Executive Vice President of Finance and Operations demonstrate, inter alia: Defendant's headquarters are in New York; four of five of the Defendant's officers reside in New York and work from the New York headquarters; all of Defendant's decision-makers and senior leadership, including the CEO, are based in New York; "The Paley Center's Board of Trustees," which "exercises oversight and provides strategic direction" for Defendant convenes in person in New York twice yearly; no officers of Defendant reside or work in California; and none of Defendant's California-based employees have any decision-making authority.

      Contrary to Plaintiff's arguments, Defendant's evidentiary showing suffices to establish that New York is the place where Defendant's "high level officers direct, control and coordinate the corporation's activities," within the meaning of the Hertz decision. Plaintiff's suggestion that Defendant's Chief Financial Officer and Executive Vice President of Finance and Operations is incompetent to testify concerning the facts bearing on the issue before the Court is rejected. The Court reasonably may infer that this declarant has personal knowledge of the material facts declared. See, e.g., Sanchez v. Elevance Health Companies, Inc., 2023 WL 8235238, at *2 (C.D. Cal. Nov. 27, 2023) (adjudicating "principal place of business" issue on the basis of a declaration from a corporation's "human resources professional"). A corporate employee need not be one of the "high level officers" who "direct, control and coordinate the corporation's activities" in order to have personal knowledge of where such direction, control and coordination take place.

      Plaintiff argues that Defendant is registered to do business in California and conducts significant business activities in California, as reflected, inter alia, on Defendant's website. Such arguments are largely inapposite. After Hertz, the issue of "principal place of business" no longer resolves into an examination of the relative amounts of corporate business activities occurring within particular states. See, e.g., Hoschar v. Appalachian Power Co., 739 F.3d 163, 172 (4th Cir. 2014) ("when a corporation's day-to-day operations are managed in one state and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 25-188-E | Date | March 17, 2025 |
|---|---|---|---|
| Title | JAMES P. JIMIRRO v. THE PALEY CENTER FOR MEDIA, ET AL. | | |

its officers make significant corporate decisions and set corporate policies in another, the corporation's nerve center and principal place of business is the latter"); L'Garde, Inc. v. Raytheon Space & Airborne Systems, 805 F. Supp. 2d 932, 939-40 (C.D. Cal. 2011) (defendant's "principal place of business" was in New York under the "nerve center" test, notwithstanding defendant's "highly visible business activities within the state" of California).

      Plaintiff points out that Defendant has bestowed on certain California residents a title, i.e., "Governor," arguably suggesting that these California residents have leadership roles within Defendant. Defendant has explained, however, that such persons do not "direct, control, [or] coordinate the corporation's activities." Titles may be honorary; titles may be purchased; and titles may be misleading. Here, the "Governors" evidently do little or nothing toward the actual governing of Defendant's activities.

      For the reasons discussed herein, the Motion is denied.

cc:    All Counsel of Record

Initials of Deputy Clerk  VMUN